# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

LEONARD TAYLOR,

    Plaintiff,

v.

LAKESIDE RECOVERY SOLUTION INC.

    Defendant.

Case No. 7:20-cv-00024

## COMPLAINT

NOW COMES Plaintiff, LEONARD TAYLOR, through undersigned counsel, complaining of Defendant, LAKESIDE RECOVERY SOLUTION INC. as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. LEONARD TAYLOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Midland, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

1

8. LAKESIDE RECOVERY SOLUTION INC. ("Defendant") is a corporation organized under the laws of New York.

9. Defendant has its principal place of business at 5815 South Park Avenue, Hamburg, New York, 14075.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. Plaintiff purchased furniture from Lacks Valley Stores, Ltd. ("Lacks") for a purchase price of $712.91.

14. Plaintiff financed the purchase price of which Plaintiff has failed to pay.

15. Plaintiff's $712.91 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Plaintiff's $712.91 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2).

13. On November 22, 2016, Plaintiff paid JE Groups $712.91.

14. Plaintiff's payment was not returned.

15. Upon receipt, JE Groups considered Plaintiff's account to be paid in full with $0.00 balance.

16. On January 17, 2020, Plaintiff received a call from (716) 771-0100.

17. This number belongs to Defendant.

18. Plaintiff answered.

19. Defendant demanded payment on Plaintiff's Lacks account.

20. Plaintiff informed Defendant that he paid this debt years ago.

21. Plaintiff's plea fell on deaf ears as Defendant threatened Plaintiff with wage garnishment if they did not receive payment.

22. To date, Plaintiff has not received anything in writing from Defendant regarding this debt.

23. Defendant's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

24. To date, Defendant has not initiated collection proceedings against Plaintiff to collect this debt.

25. Defendant's threat caused Plaintiff anxiety, confusion, distress and distrust consistent with believing garnishment is imminent without payment.

26. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

27. Accordingly, Plaintiff is forced to expend energy and time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violation of 15 U.S.C. § 1692e

29. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

   (2)  The false representation of –

      (A)  the character, amount, or legal status of any debt

   (4)  The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), e(4) and e(10).

30. Defendant violated 15 U.S.C. § 1692e(4) by threatening Plaintiff with wage garnishment.

31. Upon information and belief, Defendant did not intend to take such action when they made that threat.

32. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by seeking to collect on debt that Plaintiff previously paid; therefore, ***did not owe***.

**Violation(s) of 15 U.S.C. § 1692g**

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

34. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

35. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

36. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

37. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(4), e(10) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)   any actual damage sustained by such person as a result of such failure;

(2)

    (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A.   a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(4), e(10) and g(a);

B.   an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.   an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.   an award of such other relief as this Court deems just and proper.

### Count II
### Texas Debt Collections Practices Act (Tex. Fin. Code Ann. § 392.001 *et seq*.)

32.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.   Subsection 392.304 of the Texas Finance Code provides:

6

FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

 (8) misrepresenting the character, extent, or amount of a consumer debt.

Tex. Fin. Code Ann. § 392.304(a)(8).

34. Defendant violated Tex. Fin. Code Ann. § 392.304(a)(8) by seeking to collect on debt that Plaintiff previously paid; therefore, ***did not owe***

35. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.304(a)(8) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

 (1) injunctive relief to prevent or restrain a violation of this chapter; and

 (2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.304(a)(8);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

| | |
|---|---|
| DATED: January 28, 2020 | Respectfully submitted, |

                                                    **LEONARD TAYLOR**

                                                   By: */s/ Joseph S. Davidson*

                                                   Mohammed O. Badwan
                                                   Joseph S. Davidson
                                                   SULAIMAN LAW GROUP, LTD.
                                                   2500 South Highland Avenue
                                                   Suite 200
                                                   Lombard, Illinois 60148
                                                   +1 630-575-8181
                                                   mbadwan@sulaimanlaw.com
                                                   jdavidson@sulaimanlaw.com